# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| LISANDRO NAVARRO,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DARREL ADAMS, Warden,<br><br>　　　　　Respondent. | No. CV 06-05397-MMM (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Petition, the Magistrate Judge's Report and Recommendation (R&R), the Objections to the Report and Recommendation, and all records in the file. Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge.

Petitioner's Objections appear to raise a new ground for relief based on insufficiency of the evidence as to great bodily injury. (Objections at 9 ("Petitioner contends that the evidence and the finding by the Jury that great bodily injury resulted "IN THE COMMISSION" of the sex acts is not supported by the law and evidence.").) Raising a new ground for relief in Objections is improper. *See Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if

1 unsuccessful, to change their strategy and present a different theory to the district
2 court would frustrate the purpose of the Magistrates Act."), *overruled on other*
3 *grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (en
4 banc).

Petitioner's new ground for relief is unexhausted because it was not presented to the California Supreme Court.  (*See* Ex. C to Respondent's Motion to Dismiss.) An unexhausted ground cannot support federal habeas relief.[1]  28 U.S.C. § 2254(b)(1).

IT IS ORDERED that the Report and Recommendation is adopted, and that Judgment be entered denying the Petition and dismissing this action with prejudice.

IT IS FURTHER ORDERED that Petitioner's request for appointment of counsel is DENIED.

DATED:   October 30, 2009

MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that Petitioner's new ground for relief is based upon a misapprehension of California law.  The Legislature defined the term "great bodily injury" to mean "a significant or substantial physical injury."  Cal. Penal Code § 12022.7(f).  Contrary to Petitioner's argument (Objections at 9-10), in 1992 the California Supreme Court overruled prior precedent and held that there is "no specific requirement that the victim suffer 'permanent,' 'prolonged' or 'protracted' disfigurement, impairment, or loss of bodily function."  *People v. Escobar*, 3 Cal. 4th 740, 750, 12 Cal. Rptr. 2d 586 (1992).  The Court found sufficient evidence to support the jury's great bodily injury finding based on bruises and abrasions on the victim's legs, knees and elbows, injury to her neck, and vaginal soreness.  *Id.* at 750-52; *see also People v. Cross*, 45 Cal. 4th 58, 66, 82 Cal. Rptr. 3d 373 (2008) ("when victims of unlawful sexual conduct experience physical injury and accompanying pain beyond that 'ordinarily experienced' by victims of like crimes, such additional, 'gratuitous injury' will support a finding of great bodily injury.") (citations omitted).  In this case, California law would not prevent a jury from finding great bodily injury based on evidence that Petitioner's victim had trouble speaking due to her facial injuries and had bruises on her hymen.  (R&R at 12-13.)